IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ROBERT REINER,

      Plaintiff,

vs.                                    CASE NO: 23-CA-001878

JAMES GREGORY GALLION
And CINTAS CORPORATION NO. 2,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, **ROBERT REINER**, sue Defendants, **CINTAS CORPORATION NO. 2 and JAMES GREGORY GALLION**, and alleges:

## FACTUAL ALLEGATIONS

1. This is an action for damages that exceed Fifty Thousand and One Dollars ($50,001.00), exclusive of interest, costs, and attorneys' fees.

2. At all times material to this action, Plaintiff, **ROBERT REINER**, was a natural person residing in Lee County, Florida.

3. At all times material to this action, Defendant, **JAMES GREGORY GALLION**, was a natural person residing in Lee County, Florida.

4. At all times material to this action, Defendant **CINTAS CORPORATION NO. 2** was a company licensed to do business in the State of Florida .

5. At all times material to this action, Defendant, **CINTAS CORPORATION NO. 2**, was an authorized interstate motor carrier authorized to transport goods in interstate commerce and in the State of Florida pursuant to one or more permits issued by the Interstate Commerce

...
...

Commission and/or by the United States Department of Transportation ("USDOT"). Accordingly, Defendant, **CINTAS CORPORATION NO. 2,** was subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commerical drivers, the safe maintenance and operation of commerical motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation Title XXIII of the Florida Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR") set forth subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49-Transportation.

6. On or about May 31, 2022, Plaintiff, **ROBERT REINER,** was a bicyclist traveling westbound on the south side of the Colonial Blvd sidewalk in Fort Myers, Lee County, Florida.

7. At that time and place, Defendant, **JAMES GREGORY GALLION,** was operating a commercial motor vehicle owned by Defendant, **CINTAS CORPORATION NO. 2,** traveling northbound on Colonial Service Rd in Fort Myers, Lee County, Florida.

8. Defendant, **CINTAS CORPORATION NO. 2,** permitted Defendant, **JAMES GREGORY GALLION** to operate the commercial motor vehicle, which was owned, under lease to, or otherwise under the control of Defendant, **CINTAS CORPORATION NO. 2.**

9. At all times material, Defendant, **JAMES GREGORY GALLION,** was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and trailers including, without limitation, Title XXIII of the Florida Statutes governing motor vehicles and the FMCSRs set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49- Transportation.

## COUNT I
## NEGLIGENCE OF DEFENDANT, JAMES GREGORY GALLION, FOR DAMAGES TO PLAINTIFF, ROBERT REINER

10. Plaintiffs re-allege and incorporates by reference the allegations contained in paragraphs 1-9 as if fully re-stated herein.

11. Defendant, **JAMES GREGORY GALLION**, had a duty to drive the commercial motor vehicle in a safe and reasonable manner and to know of and abide by all state and federal laws, statures, regulations and industry standards governing the safe operation of commercial motor vehicles.

12. On May 31, 2022, Defendant, **JAMES GREGORY GALLION**, breached these duties when he failed to yield to Plaintiff, **ROBERT REINER**'s riding his bicycle on the side walk.

13. At that time and place, Defendant, **JAMES GREGORY GALLION**, negligently operated the commercial motor vehicle so that it struck Plaintiff, **ROBERT REINER**.

14. As a direct and proximate result of Defendant, **JAMES GREGORY GALLION**'s negligence, Plaintiff, **ROBERT REINER**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff, **ROBERT REINER**, will suffer the losses in the future.

## COUNT II
### NEGLIGENCE OF DEFENDANT, DOLPHIN INCE AND WATER, LLC, UNDER DANGEROUS INSTRUMENTATILY LIABILITY, FOR DAMAGES TO PLAINTIFF, ROBERT REINER

15. Plaintiffs re-allege and incorporates by reference the allegations contained in Paragraphs 1-14, as if fully re-stated herein.

16. Defendant, **CINTAS CORPORATION NO. 2** permitted Defendant, **JAMES GREGORY GALLION**, to operate the commercial motor vehicle, which was owned, under lease to, or otherwise under the control of Defendant, **CINTAS CORPORATION NO. 2**.

17. Defendant, **CINTAS CORPORATION NO. 2**, is, therefore, vicariously liable under the dangerous instrumentality doctrine for the negligence of Defendant, **JAMES GREGORY GALLION**, for the permanent injuries sustained by Plaintiff, **ROBERT REINER**.

## COUNT III
### NEGLIGENCE OF DEFENDANT CINTAS CORPORATION NO. 2, UNDER *RESPONDEAT SUPERIOR* DOCTRINE FOR DAMAGES TO PLAINTIFF, ROBERT REINER

18. Plaintiff re-allege and incorporates by reference the allegations contained in Paragraphs 1-17, as if fully re-stated herein.

19. Defendant, **CINTAS CORPORATION NO. 2** permitted Defendant, **JAMES GREGORY GALLION**, to operate the commercial motor vehicle, which was owned, under lease to, or otherwise under the control of Defendant, **CINTAS CORPORATION NO. 2**

21. Defendant, **JAMES GREGORY GALLION**, was driving the commercial motor vehicle in the course and scope of his employment relationship with Defendant **CINTAS CORPORATION NO. 2**.

22. Defendant, **CINTAS CORPORATION NO. 2**, is, therefore vicariously liable for the negligence of Defendant, **JAMES GREGORY GALLION**, pursuant to the *respondent superior* doctrine, for the permanent injuries sustained by Plaintiff, **ROBERT REINER**.

**WHEREFORE**, Plaintiff, **ROBERT REINER**, demand judgment for damages against Defendants, **CINTAS CORPORATION NO. 2 and JAMES GREGORY GALLION**, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 22nd day of March 2023.

_____
Jason W. Gelinas, Esquire
FBN: 010456
Morgan & Morgan
12800 University Drive, Suite 600
Fort Myers, FL 33907
Telephone:   (239) 432-6637
Facsimile:   (239) 204-2432
Attorneys for Plaintiff
E-Mail:  jgelinas@forthepeople.com
         dayanahernandez@forthepeople.com
         iquinones@forthepeople.com