```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT REINER,

      Plaintiff,

v.                                     Case No: 2:23-cv-660-JES-NPM

CINTAS CORPORATION NO. 2 and
JAMES G GALLION,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Response in Opposition to Defendants' Notice of Removal (Doc. #11) filed on September 5, 2023, construed as a motion to remand. The Court directed a response to the motion. (Doc. #12.) Defendants filed a Response in Opposition to Plaintiff's Motion for Remand (Doc. #13) on September 11, 2023. Plaintiff filed a Response to Defendants' Opposition to Motion for Remand (Doc. #14), filed without leave of Court and construed as a reply. The Court will accept the filing of the reply.

**I.**

On April 4, 2023, plaintiff, a person residing in Lee County, Florida, filed an Amended Complaint (Doc. #4) in state court against James Gregory Gallion, who also resides in Lee County, Florida, and Cintas Corporation No. 2, a company licensed to do business in the State of Florida. (Id. at ¶¶ 2-4.) On August 24,

2023, defendants James Gregory Gallion and CINTAS Corporation No. 2 filed a Notice of Removal (Doc. #1) based on the diversity of the parties and an amount in controversy in excess of $75,000 under 28 U.S.C. § 1332(a).

Diversity jurisdiction exists over a controversy between citizens of different states. See 28 U.S.C. § 1332(a). As the Eleventh Circuit has succinctly stated:

> Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. See Hendry v. Masonite Corp., 455 F.2d 955, 955 (5th Cir. 1972).[] "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'" Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842, 95 S. Ct. 74 (1974) (quoting Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)). Furthermore, a change of domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely...." Id.

McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

"For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). See also Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) ("A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention

- 2 -

of returning whenever he is absent therefrom.'" (citations omitted)). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence. Although physically present in the current residence, the person does not intend to remain in that state indefinitely." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341–42 (11th Cir. 2011).

"[O]nce a plaintiff shows a former domicile, 'the presumption is that it continues to exist,' and the burden shifts to the defendant to present evidence that the domicile changed." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (citations omitted). If the defendant meets this burden, the plaintiff must come forward with evidence showing that the relocation was "for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling." Id. (quoting Ennis v. Smith, 55 U.S. (14 How.) 400, 423, 14 L. Ed. 472 (1853)). If the plaintiff fails to show that, the place of residence at the crucial time in the litigation becomes the domicile. Id.

**II.**

In the Notice of Removal, Gallion states that he is a citizen of Florida; that he was and remains an employee of CINTAS in Lee County, Florida; he has a Florida driver's license; he has a homestead in Cape Coral, Florida; and he is registered to vote in

Lee County, Florida, as a citizen of Florida. (Doc. #1, pp. 3-4.) CINTAS is a citizen of both Nevada and Ohio. (Id., p. 4.) Since plaintiff also appears to be a citizen of Florida, these facts do not establish complete diversity of citizenship and would not justify removal to federal court.

To establish complete diversity of citizenship, defendants state that recently received records "suggest that Plaintiff was not residing in, or a citizen of, Florida on the date of the filing of the Complaint." (Id., pp. 4-6.) Specifically, Defendants argue that records concerning ongoing medical treatment at the VA in Arizona "support the conclusion that Mr. Reiner has moved to Arizona with the intent to make it his permanent home, i.e., he has become a citizen of Arizona." (Id., p. 6.)

Plaintiff responds that he is a citizen of the State of Florida and therefore complete diversity does not exist. Plaintiff states that he has maintained a valid State of Florida driver's license, is registered to vote in Lee County, Florida, and his permanent residence is in Lee County, Florida. Plaintiff states that he was only temporarily in Arizona to be close to his daughter while recovering from injuries. (Doc. #11, p. 3.)

Defendants filed a response to the motion to remand stating that Lee County Official Records suggest that plaintiff and his wife divorced in 2021, "and the fact that Plaintiff's name is still on the property records and the property has a Homestead Exemption

are not dispositive as to Plaintiff's domicile." (Doc. #13, p. 3.) Plaintiff replies that "he is a full-time resident of Lee County and a real property owner living with his wife at his 'homestead' address of 10035 Via Colomba Cir., At. 102 Fort Myers, FL 33966." (Doc. #14, p. 1.) Plaintiff further states that he and his wife filed voluntary dismissals of their petitions for divorce and continue to be married and "living in their marital domicile." (Id., p. 2.) Further, the medical records clearly list the Florida address. (Id., pp. 2-3; Doc. #14-2.)

The evidence submitted by the parties establish that plaintiff Reiner is a citizen of Florida who temporarily relocated to Arizona. The evidence does not establish that Reiner was in Arizona with the intent to remain there permanently. Indeed, the evidence establishes that Reiner intended to remain permanently in Florida. Defendants have not met their burden, and in any event, Plaintiff has overcome defendants' evidence by a preponderance of the evidence. The motion to remand will be granted.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Response in Opposition to Defendants' Notice of Removal (Doc. #11), construed as a motion to remand, is **GRANTED**.

2. The case is remanded to the Lee County Twentieth Judicial Circuit Court and the Clerk of the Court shall transmit a

certified copy of this Order to the Clerk of that Court. The Clerk shall terminate all pending motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of September 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -